MID–ATLANTIC COCA–COLA
BOTTLING COMPANY, INC.

v.

CHEN, WALSH & TECLER, et al.

Civ. No. Y–81–3301.

United States District Court,
D. Maryland.

Oct. 11, 1983.

Benjamin Rosenberg, Baltimore, Md., and Alison D. Kohler, Baltimore, Md., counsel for plaintiff.

Alfred H. Carter, Rockville, Md., and John F. McCabe, Jr., Rockville, Md., counsel for defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff, Mid-Atlantic Coca-Cola Company ("Mid-Atlantic"), is a franchised bottler and distributor of products of The Coca-Cola Company. Between June and October, 1981, Mid-Atlantic sponsored a "Summer of Fun" promotion in connection with the advertising and distribution of Coca-Cola products. "Summer of Fun" was an "under the crown" promotion in which each bottle cap carried either a cap liner with one of six words, "Have a Coke and a Smile," or an instant winner cap liner. A participant could win by collecting all six words or by obtaining instant winner cap liners.

In accordance with the promotion, prizes were awarded in Maryland to Maryland citizens. Defendants, a Maryland law firm, purchased 624 bottles of soft drink from Mid-Atlantic during the promotion. On Oc-tober 1, 1981, defendants wrote to Mid-Atlantic claiming that the promotion constituted an illegal lottery and that they were therefore entitled to a civil penalty of $50.00 per bottle or a total of $31,200.00 pursuant to Md.Ann.Code art. 27, § 356 *et seq.* Although plaintiff responded that the "Summer of Fun" program was not illegal under Maryland law because free caps were available and in fact distributed under the promotion, defendants continued to demand payment. Pursuant to 28 U.S.C. §§ 2201 and 2202, Mid-Atlantic filed a diversity action in this Court seeking a declaration that the "Summer of Fun" promotion was not an illegal lottery under Maryland law. Defendants counterclaimed for declaratory judgment and damages, seeking $50.00 for each purchase of soda as a civil penalty under Section 359. Plaintiff then moved for summary judgment.

This Court, finding that questions of Maryland law might be determinative of the action, certified the following questions of law to the Court of Appeals of Maryland pursuant to Md. [Cts. & Jud.Proc.] Code Ann. § 12–601 *et seq.*:

1. Whether an advertising promotion which awards prizes on the basis of chance to persons who purchase the company's products and which also provides methods for entering the promotion without purchasing the company's products is an illegal lottery under Section 356, *et seq.,* of Article 27 of the Annotated Code of Maryland.

2. Whether, after the repeal by the Maryland General Assembly of Section 369A of Article 27 of the Annotated Code of Maryland, a promotion sponsored by a bottler and distributor of soft drink products which awards prizes on the basis of chance for the purpose of advertising and promoting products but which does not require purchase of a product in order to participate is prohibited under Maryland law.

In light of that court's finding that the type of promotion involved in this case does not

violate Section 356 and is not prohibited under Maryland law, this Court grants plaintiff's uncontested motion for summary judgment. *See Mid-Atlantic Coca-Cola Bottling Co. v. Chen, Walsh & Tecler*, 296 Md. 99, 460 A.2d 44 (1983).

For the foregoing reasons, it is this 11th day of October, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiff's motion for summary judgment BE, and the same IS, hereby GRANTED;

2. That judgment BE, and the same IS, hereby ENTERED in favor of the plaintiff; and

3. That a copy of this Memorandum and Order be mailed to the parties.